## Q. Q. QUIGLEY ET AL *v.* JAMES N. QUIGLEY.

**Will—Heir Cut Off from His Co-equal Rights.**

An heir should not be adjudged as cut off from his co-equal rights by a will, unless the proper interpretation of it clearly manifests such intention.

**Words and Phrases.**

"All," used in a will, imports, all those among whom the advancements mentioned were to be equalized.

APPEAL FROM BALLARD CIRCUIT COURT.

February 27, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Had the testator died intestate, his grandson, the appellee, as the only child of his deceased father, who would have inherited one-sixth of the estate, had he survived, would have been entitled representatively to that one-sixth.

An heir should not be adjudged as cut off from his co-equal rights by a will, unless the proper interpretation of it clearly manifests such an intention.

The spirit and context of the will in this case do not evince

such a purpose as to the appellee, but rather conduce to the contrary presumption. After providing for the equalization of advancements, the testator indicated the equality of residual distribution prescribed by law, in cases of intestacy, and, in no way, intimated the pretermission of the appellee as his father's representative. "All" in the will, imports, according to any consistent construction, all those among whom the advancements were to be equalized, and the appellee was evidently one of those.

And, therefore, the circuit court having so adjudged, the judgment is *affirmed*.

*Quigley, for appellants.*

*John G. Quigley, for appellee.*